IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALANDER-JAY WILLIS, | § | |
| | § | No. 334, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1804016429 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 16, 2021
Decided: June 21, 2021

Before **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Alander-Jay Willis, filed this appeal from the Superior Court's denial of his motion for correction of sentence. Having carefully considered the parties' positions on appeal, we conclude that the Superior Court's judgment must be reversed and this matter remanded for resentencing.

(2)     In 2018, a grand jury indicted (and re-indicted) Willis for multiple drug and weapon charges. On December 3, 2018, Willis pleaded guilty to possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited ("PFBPP"), and tier 4 drug dealing in exchange for dismissal of

the remaining charges. In the plea agreement, the parties agreed to immediate sentencing and to recommend the following sentence: (i) for PFDCF, five years of minimum mandatory Level V incarceration; (ii) for PFBPP, fifteen years of Level V incarceration suspended after the five-year minimum mandatory for decreasing levels of supervision; and (iii) for tier 4 drug dealing, twenty-five years of Level V incarceration suspended after the two-year minimum mandatory for eighteen months of Level III probation.

(3) The Superior Court sentenced Willis as follows: (i) for PFDCF, five years of Level V incarceration; (ii) for PFBPP, ten years of Level V incarceration suspended after five years for eighteen months of Level III probation; and (iii) for tier 4 drug dealing, ten years of Level V incarceration suspended after two years for eighteen months of Level III probation. Willis did not appeal the Superior Court's judgment.

(4) On July 17, 2020, Willis filed a motion for correction of sentence under Superior Court Criminal Rule 35(a). Willis argued, among other things, that he did not qualify for a five-year minimum mandatory sentence for PFBPP under 11 *Del. C.* § 1448 because he did not have any previous violent felonies. The Superior Court denied the motion, finding Willis's sentence was not illegal. This appeal followed.

(5) On appeal, Willis continues to assert that he did not have any previous violent felony convictions subjecting him to a five-year minimum mandatory

2

sentence for PFBPP. He also challenges the re-indictment and plea agreement. In denying the State's motion to affirm, the Court directed the State to identify the crimes that Willis was convicted of in Criminal ID Nos. 110702533 and 1201015974 (these cases formed the basis for the State's position that Willis was subject to enhanced sentencing for PFBPP under Section 1448(e)) and whether any of those crimes were violent felonies. The State has identified those crimes and stated that none of them were violent felony convictions under 11 *Del. C.* § 4201(c). The State concedes that Willis's PBPP conviction was a class D felony subject to a sentencing range of zero to eight years Level V incarceration, but also argues that the Superior Court's judgment should be affirmed, with the total PFBPP sentence reduced to eight years on remand.

(6) We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3] To the extent Willis challenges his PFBPP conviction based on errors in the re-

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

indictment or plea agreement, those claims are outside the narrow scope of Rule 35(a).[4]

(7) At the time of Willis's crimes in April 2018, the relevant portions of Section 1448 provided as follows:

(c) Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm or ammunition for a firearm, and the violation is one of paragraphs (a)(1)-(8) of this section, in which case it is a class D felony, or unless the person is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a class C felony….

(e)(1) Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:

a. Three years at Level V, if the person has previously been convicted of a violent felony;

b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date; or

c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.[5]

(8) In the plea agreement, the parties agreed to recommend a sentence of fifteen years Level V incarceration suspended after the five-year minimum

---

[4] *Id.*
[5] 11 *Del. C.* § 1448.

mandatory for the PFBPP charge. The parties also agreed that Willis had a previous violent felony conviction for PFBPP in 2011 or 2012 (the last digit is stricken). The plea agreement was consistent with a person subject to sentencing under Section 1448(e)(1)(b). Such a sentence would range from the five-year minimum mandatory to up to fifteen years of Level V incarceration, the maximum sentence for a class C felony.[6] A person convicted of PFBPP who was not subject to sentencing under Section 1448(e)(1)(b) would face a sentence of zero to eight years of Level V incarceration, the sentencing range for a class D felony.[7]

(9)    Given the State's concession that Willis's PFBPP conviction was a class D felony subject to a sentencing range of zero to eight years, the State also presumably concedes that Willis was not eligible for enhanced sentencing under Section 1448(e)(1)(b). The non-suspended portion of Willis's PFBPP sentence (five years of Level V incarceration) would be within the statutory range for a class D felony as long as it was not a minimum mandatory term. It is unclear from the record whether the non-suspended time was imposed as a minimum mandatory term. The plea agreement recommended that time as a minimum mandatory term, but the sentencing order does not refer to a minimum mandatory term or Section 1448.

---

[6] 11 *Del. C.* § 4205(b)(3) (providing that the sentence for a class C felony is up to fifteen years).
[7] *Id.* § 4205(b)(4) (providing that the sentence for a class D felony is up to eight years).

5

(10) Based on this lack of clarity, the State's concessions, and the fact that the total ten-year sentence must be reduced on remand, the Court concludes that the Superior Court should resentence Willis for his PFBPP conviction. We therefore reverse the Superior Court's denial of Willis's motion for correction of sentence and remand this matter for resentencing on Willis's PFBPP conviction. Willis is entitled to be represented by counsel when he is resentenced.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED. The matter is hereby REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

6